Haxe, Judge,
delivered the opinion of the Court.
In a case of perjury, it is necessary to be charged that {lie oath was taken in a judicial proceeding before a competent jurisdiction, and upon a point material to the issue depending.* In the indictment, it is necessary to set forth the record of the cause wherein the perjury complained of, is charged to have been committed, and also to prove on the trial that there is such a record, by producing it; and when produced it must agree with that set forth in the indictment, without any material variance.† In this case, the indictment states that the perjury was committed “ on a certain issue duly joined in the said Court “ between Robert Ammons and Robert G. Green.” The record produced does not shew that there had been any issue joined. The copy of the record is certified by the proper officer of the Court, and we are bound to receive it as a true copy, though the fact may be, (and the finding of the Jury renders it probable) that issue had been joined. *127 « The Jury find for the Plaintiff on “ all the issues,” when it does not appear that any issue had been joined, In the case of the King v. Dowlin,* where the Defendant was indicted for perjury committed on the trial of captain Kimber for murder, one reason urged in arrest of judgment was, that no plea appeared by the record to hare been pleaded on the trial of Kimber, and consequently there could not have been a legal trial, in which perjury could have been committed. The Court seemed to think this might have been a good reason at common law ; but that by the statute of Geo. 2, ch. 11, it is not necessary to set forth the record or any part thereof, in which the perjury is alleged to have been committed, but only to set forth the substance of the offence charged upon the Defendant : and in that case, the indictment did not recite the record of the trial against Kimber, but only stated that at a Court of Oyer and Terminer, Kimber was in due form of law tried upon a certain indictment for the murder of A. Our act of Assembly passed in the year 1791, ch. 7, sect. 3, is copied from that statute. But the difference between the case of the King v. Dowlin and the present case, is tills; in that case the indictment did not recite the record in which Kimber was tried, and in which it was alleged the perjury was committed j in this case, the indictriient recites the record, and no such record as that recited is produced. It is not necessary that the record should be recited ; yet if it be attempted, the recital must be correct, or the prosecution must fail.† The rule for a new trial must be made absolute.

 1 Term Rep. 69.

 1 Haw. 333, Sect, 23,6 Mod. 168.

 5 Term 311.

 2 Haw. 349. The King v. Dowlin, 5 Term Rep. 311. 5 Dur. 2084. 9 Stra. 775.